IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:03CV257-1-MU

JOHNNY CALVIN OLLIS, )
)
    Plaintiff, )
)
v. ) **O R D E R**
)
JAMES BOYD BENNETT, et al., )
)
    Defendants. )
_____)

    **THIS MATTER** is before this Court upon Defendant's Motion to Dismiss, filed May 2, 2005.

    Plaintiff has filed a Complaint alleging that the Defendant, James Bennett, the Director of the North Carolina Department of Corrections, has violated his constitutional rights. More specifically, Plaintiff alleges that he has been unlawfully punished for failing to produce urine samples for drug tests even though such failure is a result of medical problems. Plaintiff asserts that he has requested the ability to self-catheterize or to be allowed to drink more fluid but that these requests have been consistently denied. Plaintiff asserts that Defendant has been deliberately indifferent to his serious medical needs.

    In his Motion to Dismiss, Defendant argues that he is not liable under § 1983 because a defendant is not liable under § 1983 merely because he has the right to exercise control over subordinates. See Vinnedge v. Gibbs, 550 F.2d 926 (4th Cir. 1977). Rather, § 1983 requires a showing of personal fault on the part of a defendant either based on the defendant's personal conduct or another's conduct in execution of the defendant's policies or customs. See Fisher v.

Washington Metropolitan Area Transit Author., 690 F.2d 1133, 1142-43 (4th Cir. 1982).

In the instant case, Plaintiff alleges no personal conduct by Defendant Bennett. Plaintiff does not allege that the Defendant was involved in administering the drug tests, with administering the discipline, or with medical decisions concerning Plaintiff's ability to produce urine for drug tests. As such, Plaintiff has failed to allege any personal conduct by Defendant. Nor has Plaintiff alleged that the allegedly unconstitutional actions taken against him were the result of another's conduct in execution of the defendant's policies or customs.

Plaintiff responds that Defendant should be held liable because Defendant had direct participation in this matter because it was his duty to investigate and see that action was taken to correct the problem. Plaintiff's argument is not persuasive. The Director of the North Carolina Department of Prisons does not personally investigate grievances that are appealed to him. Subordinates of his conduct such a function. Plaintiff has not alleged any conduct by Defendant sufficient to render him liable. Moreover, the response to Plaintiff's grievance contains medical information upon which Defendant is entitled to rely. See Miltier v. Beorn, 896 F.2d 848, 854 (4th Cir. 1990)(supervisory officials are entitled to rely on the medical judgments made by prison physicians). Plaintiff has failed to state a claim against Defendant Bennett and his Complaint is dismissed on that basis.

Even if Plaintiff had sued the proper defendant, it appears, based upon Plaintiff's own assertions, that Plaintiff did not exhaust[1] his administrative remedies prior to filing his Complaint.

---

[1] The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust their administrative remedies prior to filing suit in federal court. 42 U.S.C. § 1997e. Specifically the PLRA sets forth that "[n]o action shall be brought with respect to prison conditions under section1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.

Plaintiff attached a copy of his grievance to his Complaint and stated in his Complaint that his grievance was still "in appeal." Because a prisoner's administrative remedies must be fully exhausted before the prisoner files suit in federal court,[2] Plaintiff's Complaint could also be dismissed on this basis.

In addition, it is not clear to the Court that Plaintiff has stated a claim even if he had sued the correct individuals and had exhausted his claim. That is, it appears that Plaintiff himself admits that at the time of the incidents in question, he did not have a diagnosed medical condition in his Department of Corrections file which would require him to be provided accommodations to enable him to produce urine samples. Consequently, the conduct described by Plaintiff while not exemplary did not constitute deliberate indifference to a serious medical need. See Sheehy v. Palmateer, 68 Fed. Appx. 77 (9th Cir. 2003)(no Eighth Amendment violation where inmate was disciplined for failing to produce a urine sample where inmate failed to establish that he had valid medical excuse supporting his assertion that he could not produce a urine sample). Moreover, Plaintiff has not established that his discipline resulted in a atypical or significant deprivation sufficient to invoke his due process rights. See Sandin v. Conner, 115 S. Ct. 2293 (1995).

---

§ 1997e(a). Section 1997e's exhaustion requirement is mandatory. Porter v. Nussle, 534 U.S. 516 (2002).

[2] While the is Court is unaware of any Fourth Circuit precedent directly on point, the circuit courts that have addressed this issue have ruled that a plaintiff must complete the exhaustion process prior to filing suit. See Johnson v. Jones, 340 F.3d 624, 628 (8th Cir. 2003); McKinney v. Carey, 311 F.3d 1198, 1200-01 (9th Cir. 2002); Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 36 (1st Cir. 2002); Neal v. Goord, 267 F.3d 116, 121 (2d Cir. 2001); Jackson v. Dist. of Columbia, 254 F.3d 262, 268-69 (D.C. Cir. 2001); Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999); Miller v. Tanner, 196 F.3d 1190, 1192 (11th Cir. 1999); Perez v. Wis. Dep't of Corr., 182 F.3d 532, 535 (7th Cir. 1999); see also Nyhuis v. Reno, 204 F.3d 65, 71 (3rd Cir. 2000) and Garrett v. Hawk, 112 F.3d 1262, 1265 (1997).

Plaintiff has also filed a Motion for Injunctive Relief and a Motion for Judgment on the Pleadings. For the reasons set forth above, this Court finds that Plaintiff's motions do not have merit and they are dismissed. In addition Plaintiff has filed a Motion for Appointment of Counsel. Because this Court is dismissing Plaintiff's Complaint, his motion is moot.

Finally, the Court concludes by noting that Plaintiff has attached a document indicating that he now has a diagnosis of paruresis and this Court therefore cautions that any future failure to reasonably accommodate Plaintiff's medical condition might constitute a violation of Plaintiff's constitutional rights.

**THEREFORE, IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Dismiss is **GRANTED**;

2. Plaintiff's Motion for Injunctive Relief is **DENIED**;

3. Plaintiff's Motion for Judgment on the Pleadings is **DENIED**;

4. Plaintiff's Motion for Appointment of Counsel is **DENIED**; and

5. Plaintiff's Complaint is **DISMISSED**.

Signed: March 13, 2006

Graham C. Mullen
United States District Judge